IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

IN THE MATTER OF THE COMPLAINT
OF GRANT JOHNSTON, as Owner of a
2014 24' Yellowfin Vessel, Florida                    CASE NO.:
Registration No. FL7525PP, its engines, tackle,
apparel, appurtenances, etc. for Exoneration
from or Limitation of Liability,

        Petitioner.

_____/

## COMPLAINT FOR EXONERATION FROM
## OR LIMITATION OF LIABILITY

GRANT JOHNSTON, Petitioner, as Owner of a 2014 24' Yellowfin Vessel

Florida Registration No. FL7525PP, its engines, tackle, apparel, appurtenances, etc.

(the "Vessel"), under Rule F, Supplemental Rules for Certain Admiralty and

Maritime Claims, Middle District Admiralty and Maritime Practice Manual, Section

6, and 46 U.S.C.A. §§30501, *et. seq.* files his Complaint for Exoneration from or

Limitation of Liability, alleging as follows:

1.      This is an admiralty and maritime action within the meeting or Rule

9(h), Supplemental Rules for Certain Admiralty and Maritime Claims, and the

Middle District of Florida Admiralty and Maritime Practice Manual, Section 6.

2.      Jurisdiction is proper pursuant to 28 U.S.C.A. §1333 and 46 U.S.C.A.

§§30501, *et. seq.*

3.      Venue is proper in this district under Rule F(9), Supplemental Rules for Admiralty and Maritime Claims, in that the 24' Yellowfin Vessel has not been attached or arrested and suit has not been commenced against Petitioner, as owner of the 24' Yellowfin Vessel, with respect to the incident described below, and the 24' Yellowfin Vessel and the Petitioner are located in/reside in Pinellas County, Florida.

4.      Upon information and belief, Claimants will/may include the following: Kendyl Sheffield, Devin Cartagena, Courtland Mitchell, Riley Allan, and the Estate of Rachel Herring, who resides in/and are located in Pinellas County, Florida, the United States, as owner of Marker No. 28 in the Intercoastal Waterway in Indian Shores, Pinellas County, Florida, and the owner of a seawall/dock adjacent to the Intercoastal Waterway in Indian Shores, Pinellas County, Florida.

5.      The subject Vessel is a 2014 24' Yellowfin Vessel, Florida Registration No. FL7525PP.

6.      At all times material to this Complaint, the 24' Yellowfin Vessel was owned by Petitioner, Grant Johnston.

7.      At all times material to this Complaint, the 24' Yellowfin Vessel was seaworthy, properly and efficiently manned, equipped and furnished, and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel, etc., all in good order and condition, and suitable for their intended use.

8.     On or about 0050 on November 1, 2020, the 24' Yellowfin Vessel, owned by Grant Johnston, and operated by Gavin Johnston, allided with/came into contact with Marker No. 28 in the navigable waters of the Intercoastal Waterway, in Indian Shores, Pinellas County, Florida, and following that allision/contact, the above named Claimants sustained injuries, and as to Rachel Herring, the death, the injuries requiring medical care and attention, Marker No. 28 sustained damage, and the seawall/dock adjacent to the Intercoastal Waterway in Indian Shores sustained damage, and the 24' Yellowfin Vessel sustained damage to its hull and machinery.

9.     The incident at issue and any ensuing damages, personal injury, death, and property loss, were not caused by any fault of the 24' Yellowfin Vessel, its owner, or any person or entity for whose actions the owner is responsible.  Neither the 24' Yellowfin Vessel, nor its owner, Petitioner, are liable to any extent, and they are entitled to exoneration from liability for all losses, injury, death, and damages occasioned and incurred by, or as a result of the incident.

10.     Petitioner further alleges all losses, injury, death, and damages resulting from the incident, occurred as a result of the actions, omissions, or conditions which Petitioner did not participate in, had no knowledge of, and had no reason to know about.

11.     Petitioner, as Owner of the 24' Yellowfin Vessel, should be exonerated of and from any liability for losses, injuries, death, or damages arising out of the

incident described above, as it was not caused by any neglect of Petitioner or the 24'

Yellowfin Vessel.

12.    Petitioner lacked privity or knowledge of the circumstances, actions, or

omission giving rise to the incident at issue.

13.    Thus, and without admitting liability, in the event the 24' Yellowfin

Vessel is held responsible to anyone by reason of the matter set forth above,

Petitioner claims the benefit of the limitation of liability provided in 46 U.S.C.A.

§§30501, *et. seq.*

14.    The 24' Yellowfin Vessel had a pre-casualty value of approximately

$90,000.00 (*See* Ad Interim Stipulation for Value filed herewith).

15.    Petitioner knows of potential claims by the Claimants listed above,

residents of Pinellas County, Florida, by healthcare providers in Pinellas County,

Florida, who provided care and treatment to Claimants for injuries allegedly

sustained in the incident, by the United States as Owner of Marker No. 28 for

removal and replacement of Marker No. 28, located in Indian Shores, Pinellas

County, Florida, and by the owner of the seawall adjacent to the Intercostal

Waterway in Indian Shores, Pinellas County, Florida, for repair of damages

allegedly sustained in the incident.

16.    Petitioner alleges the amount of damages associated with the potential

claims may exceed the amount of his interest in the 24' Yellowfin Vessel.

17.     The first written notice of a claim arising from the incident subject to limitation was a letter from (counsel for the Estate of Rachel Herring), dated (December 3, 2020), and therefore this action is timely filed under the provision of the Limitation Act, 46 U.S.C.A. §§30501, *et. seq.*

18.     Petitioner files herewith a Stipulation for Costs and Ad Interim Stipulation for Value, in the appropriate form for payment into Court of the amount of Petitioner's interest in the 24' Yellowfin Vessel, together with interest at the rate of 6% per annum from the date of said Stipulation, and for costs; and, in addition thereto, Petitioner is prepared to give bond or stipulation for any amount in excess of the Ad Interim Stipulation for Value as may be ascertained and determined to be necessary under the orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner, as Owner of the 24' Yellowfin Vessel, respectfully requests:

A.     Upon the filing of the Stipulation for Costs and the Ad Interim Stipulation for Value herein described, this Honorable Court direct the Clerk of Court to issue the proposed Notice filed by Petitioner herein, which admonishes all persons, firms, or corporations asserting claims for any and all losses, damages, injuries, death, or destruction with respect to which Petitioner seeks exoneration from or limitation of liability, to file their respective claims with the Clerk of this

Court and to serve onto Petitioner's attorney a copy thereof, on or before the date specified in the Notice;

B.      Upon the filing of the Stipulation for Costs and the Ad Interim Stipulation for Value herein described, the Court issue the proposed injunction filed by Petitioner herein, which restrains the commencement or prosecution of any action or proceeding of any kind against Petitioner, the 24' Yellowfin Vessel, and/or any of Petitioner's property, with respect to any claim for which Petitioner seeks limitation, including any claim arising out of or connected with any loss, injuries, death, damage, or destruction resulting from the incident described in the Complaint;

C.      If any Claimant who shall have filed a claim shall also file an exception contesting the value of the 24' Yellowfin Vessel, or its pending freight, if any, as alleged herein, and the amount of the Ad Interim Stipulation for Value as aforesaid, this Court cause due appraisement to be had of the value of the 24' Yellowfin Vessel following the casualty and of the value of Petitioner's interest therein and pending freight, if any, and in which event this Court shall enter an order for the filing of an Amended Stipulation for the aggregate value, as so determined, of Petitioner's interest in the 24' Yellowfin Vessel and its pending freight, if any;

D.      This Court adjudge Petitioner, and the 24' Yellowfin Vessel, not liable to any extent whatsoever for any losses, injuries, death, damages or destruction, or for any claim whatsoever done, occasioned, or incurred as a result of the matters and

happenings referred to in this Complaint; or in the alternative, if the Court adjudge that Petitioner is liable in an amount whatsoever, that said liability may be limited to the value of Petitioner's interest in the 24' Yellowfin Vessel, and may be divided pro rata among such Claimants, and that a judgement be entered discharging Petitioner and the 24' Yellowfin Vessel of and from, any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioner and the 24' Yellowfin Vessel, or his property, in consequence of, or connected with, the matters and happenings referred to in this Complaint; and

E.      This Court grant Petitioner such other and further relief that justice may require.

Dated this 3RD day of June 2021.

David F. Pope, Esq. – FBN 164452
Service-dpope@bankerlopez.com
Eric C. Thiel, Esq. – FBN 016267
Service-ethiel@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 East Kennedy Boulevard, Suite 1700
Tampa, FL  33602
Telephone:  (813) 221-1500
Facsimile:  (813) 222-3066
*Attorneys for Petitioner*